IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DEBRA DANIELS and DENNIS DANIELS,** | ) | |
| **Plaintiffs,** | ) | **No. 3:16-cv-01977** |
| **v.** | ) | |
| **ERIE INSURANCE GROUP,** | ) | |
| **Defendant.** | ) | |

**MOTION TO EXTEND TIME STATED IN THE MODIFIED SCHEDULING ORDER TO RESPOND TO DEFENDAN'S MOTION FOR SUMMARY JUDGMENT**

COME NOW the Plaintiffs, **DEBRA and DENNIS DANIELS**, by and through the undersigned counsel and pursuant to Rule 6(b) and Rule 16 of the Federal Rules of Civil Procedure and the Local Rules, hereby requests this Honorable Court to extend the time that the Plaintiffs have to file their Response in Opposition to the Defendant's Motion for Summary Judgment until ten (10) days after the return of Mr. Gulati's deposition transcript, and in support thereof state:

1. On May 4, 2017, Plaintiffs' local counsel filed a two page joint motion to modify the initial case management order. *Doc. 14.* On the first page, the parties stated that they deem it wholly unlikely that any dispositive motions would be filed. On the second page of the two page motion, the due date for a response was shortened from twenty-one (21) days (L.R.7.01(b)) to fourteen (14) days per the modified order.

2. On May 5, 2017, this Court granted the motion indicating on the first page the motion to modify was granted. *Doc. 15.* The second page with the shortened motion for summary judgment response deadline was missing. *Doc. 15.*

3. On September 13, 2014, two days after Hurricane Irma made landfall in Florida and our office was in a state of hurricane flux for evacuations, Defendant filed the subject motion for summary judgment, which was nearly identical to the recent motion for summary judgment filed before this Court in *Walsh v. State Farm* Case No. 315-cv-1036. The deadline for a response per the twenty-one day Local Rule was believed to be on October 4, 2017.

4. Erie's expert depositions were scheduled to be taken by our office on Wednesday, September 20, 2017 and Mr. Sonny Gulati's deposition was scheduled to be taken today on September 28, 2017.

5. On Friday, September 15, 2017, opposing counsel submitted an additional supplemental report from Rimkus dated September 14, 2017. *Exhibit A.*

6. Based on this Court's recent guidance in *Walsh* and Defendant's supplemental report, our office in turn provided Defendant's supplemental report to Mr. Gulati and Mr. Gulati prepared a supplemental report in which he attempted to address the methodology concerns this Court expressed in *Walsh. Exhibit B.*

7. Additionally, yesterday afternoon, Mr. Gulati was deposed by opposing counsel and also cross examined by our office in an effort address any concerns this Court may have and fully describe the methodology that Mr. Gulati used in arriving at his conclusions.[1]

8. At the conclusion of Mr. Gulati's deposition, my office discussed filing a motion as indicated by this Court's order in *Walsh (Doc. 42, pg. 3)* requesting "additional time to develop the factual record prior to consideration of the [summary judgment] motion."

[1] The Erie corporate representative is also scheduled to be deposed on Monday, October 2, 2017.

9. At the time of this discussion, opposing counsel indicated that the response deadline had been shortened from twenty-one (21) days to fourteen (14) days and the deadline was the day before or September 27, 2017. We stated that we believed the deadline was twenty-one (21) days in compliance with the local rule. We retrieved the order and motion and found out the deadline had indeed been shortened to fourteen (14) days from twenty-one (21) days on the second page of the motion.

10. The only reason Plaintiffs waited until today to file this motion to further develop the record was to include anything that occurred during Mr. Gulati's deposition and because of an error in calendaring, it was not until Mr. Jones stated that the deadline had been shortened did Plaintiffs realize the error in calendaring.

11. Moreover, based on a close reading of this Court's ruling in *Walsh*, Plaintiffs were doing everything possible to comply with this Court's order in attempting to alleviate any concerns this Court highlighted with Mr. Gulati's methodology.

12. We believe based on Mr. Gulati's supplemental report and his deposition testimony, the description of Mr. Gulati's methodology will hopefully be sufficient to pass through this Court's gate-keeping function.

13. Based on the foregoing, and this Court's advice that Plaintiffs should have requested additional time to develop the factual record in *Walsh*, Plaintiffs respectfully request the Court extend the deadline to file a response to the pending motion for summary judgment until ten days after Mr. Gulati's and the Corporate Representative's deposition transcripts are transcribed. Both Parties requested the deposition transcript at the close of Mr. Gulati's deposition and the corporate representative was rescheduled for Monday, October 4, 2017.

14. Plaintiffs have conferred with opposing counsel. And while opposing counsel initially indicated he may not be opposed, he has since stated that he must confer with his client.

## I. <u>**The Homeowners Request this Court Extend the Deadline to File a Response to Defendant's Motion for Summary Judgment Until ten (10) Days After Receipt of Mr. Gulati and the Erie Corporate Reprsentative Deposition Transcripts are Transcribed**</u>

Federal Rule of Civil Procedure 6(b) outlines the procedure for extending a time limit for an act which must be done in a certain amount of time. In situations where the motion is made after the time has expired, the party must be able to show excusable neglect. Here, the motion is made before any order in the case, but a day and a half after the shortened deadline.[2]

As the Supreme Court and Sixth Circuit have explained, the courts balance five factors to determine whether excusable neglect exists: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Tennessee Local Rule 7.01(b) states the rules for responding to Motions for Summary Judgment and states as follows:

> (b) Response. Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, **that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court.** Failure to file a timely response shall indicate that there is no opposition to the motion. A reply memorandum may be filed upon leave of Court. Provided, however, the Court may act on the motion prior to the time set forth hereinbefore. In such event, the affected party may file a motion to reconsider within fourteen (14) days, or twenty-one (21) days in the case

[2] The Motion was prepared yesterday immediately after Mr. Gulati's deposition, but sent to opposing counsel to see if he would oppose the motion. We have not yet received a firm answer and in an abundance of caution are filing the subject motion.

> of a motion for summary judgment, after service of the order reflecting the action of the Judge. The prevailing party shall not respond to a motion to reconsider unless the Court orders a response

(Emphasis added).

In this case, a motion to enter a modified scheduling order was filed on May 4, 2017. This Court granted the order. However, in reviewing the Order to calendar deadlines the second page was somehow omitted and the local rule deadline of twenty-one (21) days rather than the new deadline of fourteen (14) days was calendared.[3]

Additionally, due to scheduling issues, counsel for both parties had agreed to the finish the depositions of the experts on September 20, 2017 and September 28, 2017. In this case, Erie provided a supplemental expert report on September 15, 2017 and Mr. Gulati provided a supplemental report attempting to address all of this Court's issues outlined in the recent *Walsh* case and the issues identified in the supplemental Rimkus report.

Moreover, Mr. Gulati's deposition transcript and the extensive description of his methodology included therein will likely be central to the issues that will be determined in Defendant's Motion for Summary Judgment.

In balancing the above factors, the deadline was calendared incorrectly with the regular twenty-one (21) day deadline noted above. As to the first factor, at this time, opposing counsel has said that he will confer with his client and advise whether they will have any objection to the relief requested in this motion. Because Defendant has not had to incur any additional cost or waste any additional time, Defendant has not been prejudiced by this request for additional time. Moreover, Defendant also submitted a supplemental expert report as recently as September 15, 2017.

[3] When the subject motion for summary judgment was filed, the State of Florida was in a state of commotion because Hurricane Irma had just made landfall.

In considering the second factor as to the length of delay of the judicial proceedings, the homeowners only request a ten (10) day extension from the day Mr. Gulati's and the corporate representative's deposition are transcribed. Both Parties have already requested Mr. Gulati's deposition transcript and the delay will not impact the trial scheduled for January 2018.

As to the third factor, the reason for the delay was not intentional, but rather an inadvertent calendaring of the twenty-one (21) day deadline rather than the fourteen (14) day deadline.

With respect to the fourth factor, the Homeowners wanted to be able to file Mr. Gulati's and the corporate representative's transcripts in support of the Response and the depositions could not occur because of scheduling issues.

Finally, the last factor is whether the moving party acted in good faith. Opposing counsel witnessed the surprise in the room when we realized that the date had been improperly calendared and shortened to fourteen days.

Ultimately, the determination of excusable neglect is an equitable one, taking account of all relevant circumstances surrounding the [parties'] omission." *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 Fed.Appx. 265, 266 (6th Cir. 2009); *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993) (noting that "excusable neglect...is a somewhat elastic concept"). Balancing the above factors, and considering the totality of the circumstances present here, we request the Court find the Homeowners' neglect excusable in failing to file this motion a day earlier. As a consequence, the Homeowners request this Court exercise its discretion to amend the scheduling order and allow the Homeowners to file a response to the Motion for Summary Judgment ten (10) days after Mr. Gulati's and the corporate representative's depositions are transcribed. *See, e.g.*, *Fiore v. Smith*, 09 C 359, 2013

WL 160219, at *1 (E.D. Tenn. Jan. 15, 2013) (amending scheduling order to permit a dispositive motion, given the lack of prejudice to the non-movant); *Cooper v. Shelby Cty., Tenn.*, 07 C 2283, 2010 WL 3211677, at *2 (W.D. Tenn. Aug. 10, 2010) (granting additional time to file dispositive motions, even though defendants had not shown good cause *D.B. v. Lafon*, 06 C 75, 2007 WL 896135, at *2 (E.D. Tenn. Mar. 22, 2007). (accepting late-filed summary judgment motion in its discretion).

WHEREFORE, the Plaintiffs respectfully request this Court grant the Homeowners motion and allow the Homeowners until ten (10) days after Mr. Gulati's and the corporate representative's depositions are transcribed to respond to Defendant's Motion for Summary Judgment.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via electronic Mail to**: Christopher M. Jones, Levan, Sprader, Patton, Plymire & Offutt (*counsel for Erie Insurance Group)*** at 201 Fourth Avenue North, Suite 1500, Nashville, TN 37219, this 29th day of September, 2017.

By: /s *Thomas w. Thompson*___________

Thomas W. Thompson, Esquire
BPR030659
4725 North Lois Avenue
Tampa, Florida 33614-7046
Telephone: (813) 254-1800
Facsimile: (813) 254-1844
Attorney for Plaintiffs